IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOSEPH POLTRACK,

    Plaintiff,

vs.

AJAY TRANSPORTATION, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, JOSEPH POLTRACK, sues Defendant, AJAY TRANSPORTATION, INC., and shows:

### Introduction

1. This is an action by JOSEPH POLTRACK against his former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, JOSEPH POLTRACK, (hereinafter "POLTRACK") a resident of Martin County, was at all times material, employed by AJAY TRANSPORTATION, INC. as a dispatcher, was an employee as defined by 29 U.S.C. § 203 (e), and during his employment with

Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

5. Defendant, AJAY TRANSPORTATION, INC. (hereinafter, "AJAY"), is a Florida Profit Corporation doing business within the Southern District of Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the offices where POLTRACK was employed.

## **Count I – Violation of FLSA by Defendant AJAY – Overtime**

6. Since on or about February 2012, up to and including April 29, 2015, Defendant AJAY has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically POLTRACK, since February 2012, has worked in excess of 40 hours a week virtually every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

7. The failure to pay overtime compensation to POLTRACK is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in

the alternative, if AJAY was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to POLTRACK.

8. AJAY's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and POLTRACK's status as non-exempt, but chose not to pay him in accordance with the Act.

9. POLTRACK is entitled pursuant to 29 U.S.C. § 216(b), to recover from AJAY:

   a. all unpaid overtime that is due;

   b. as liquidated damages, an amount equal to the unpaid overtime owed;

   c. the costs of this action; and,

   d. a reasonable attorney's fee.

WHEREFORE, Plaintiff, JOSEPH POLTRACK, prays that this court will grant judgment against Defendant AJAY:

   a. awarding POLTRACK payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

   b. awarding POLTRACK an additional equal amount as liquidated damages;

   c. awarding POLTRACK his costs, including a reasonable attorney's fee; and,

   d. granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: June 4, 2015
Plantation, Florida

                                         Respectfully submitted,

                                         s/Robert S. Norell
                                         Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                         E-Mail: rob@floridawagelaw.com
                                         ROBERT S. NORELL, P.A.
                                         300 NW 70th Avenue
                                         Suite 305
                                         Plantation, Florida 33317
                                         Telephone: (954) 617-6017
                                         Facsimile: (954) 617-6018
                                         Counsel for JOSEPH POLTRACK