IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 2:15-cv-14200-JEM

JOSEPH POLTRACK,

    Plaintiff,

vs.

AJAY TRANSPORTATION, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## FLSA SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

1. This Agreement covers all understandings between JOSEPH POLTRACK (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, assigns, beneficiaries, personal representatives, and heirs) and AJAY TRANSPORTATION, INC. (hereinafter referred to as "Defendant," a term which includes each and every officer, director, employee, and agent, servants, legal representatives, and insurers), which relate to the subject matter of the lawsuit JOSEPH POLTRACK v. AJAY TRANSPORTATION, INC., et al., Case No.: 2:15-cv-14200-JEM ("the lawsuit"), pending in the United States District Court for the Southern District of Florida.

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff and Defendant agree as follows:

    A. To settle all claims and actions between Plaintiff and Defendant which are the subject matter of the lawsuit or could have been raised in the lawsuit and release and forever discharge the other from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity whether known or unknown to the parties.

    B. To agree to facilitate the dismissal of the lawsuit with prejudice.

    C. To agree and acknowledge that this settlement does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendant to Plaintiff.

    D. Not to disclose the terms of this Agreement to anyone except either party's attorneys and tax advisors or as compelled by force of law. In the event that either party is compelled by force of law to disclose the terms of this Agreement,

1

that party agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to other party so that the party will have the opportunity to assert what rights they may have in non-disclosure prior to any response to the order or subpoena. Furthermore, the parties agree not to disparage or communicate negatively about the other.

3.  For and in consideration of the promises outlined in Paragraph 2 of this Agreement, Defendant agrees as follows:

    In consideration for Plaintiff's claims in the lawsuit, Defendant has paid and the Plaintiff acknowledges receipt of the aggregate amount of $10,954.00, which shall be allocated as $3,505.00 for Plaintiff's alleged unpaid overtime, an additional $3,505.00 for Plaintiff's alleged liquidated damages, and $3,935.00 for Plaintiff's alleged reasonable attorney's fees and costs. Said amounts represent an uncompromised full recovery for the Plaintiff, which the parties stipulate as such.

4.  The parties agree and acknowledge that this Agreement must be filed for review and approval by the Court in accordance with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982).

5.  No Lawsuits or Claims.

    Plaintiff represents and agrees that he will not hereafter pursue, initiate, or cause to be instituted against Defendant or any party released herein, any dispute that is released herein. Plaintiff further represents that he does not currently have pending before any court or before any federal, state or local agency any dispute of any kind against Defendant, other than the lawsuit. If it is determined that Plaintiff has any other lawsuit, charge of discrimination, or other claim pending against Defendant, Plaintiff agrees to dismiss any such claims, with prejudice, immediately upon determining that such charge or claim is pending.

6.  Full Waiver and Mutual Release of All Claims.

    In exchange for the consideration described in this Agreement, the parties irrevocably, knowingly, and voluntarily releases, waives, and forever discharges each other from any and all claims, demands, actions, or causes of action, of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which they may have against each other from the beginning of the world until the effective date of this Agreement. The disputes released by Plaintiff include, but are not limited to, any and all disputes against Defendant concerning his employment, wages, and separation from employment with Defendant, pursuant to any federal, state, or local civil or human rights law or any other federal, state, or local law, regulation, or ordinance.

    The disputes released by the parties also include any and all disputes they believe to have against each other in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of

2

public policy, and constructive discharge, intentional and negligent infliction of emotional distress, any tort action, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, false imprisonment, and interference with contract and/or prospective economic advantage.

7. No Future Employment.

   Plaintiff further agrees that he will never seek employment or reinstatement of his employment with Defendant. Plaintiff also agrees that should he breach this provision of the Agreement in that he seeks reemployment or reinstatement and, thereafter, files any type of administrative or legal action, that such administrative or legal action shall be immediately dismissed with prejudice, that Defendant shall be entitled to an injunction barring such action, and that the prevailing party shall be entitled to recover its attorneys' fees and costs.

8. In the event that Plaintiff or Defendant commence(s) an action for damages or injunction to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of his/their reasonable attorney's fees and all costs including appellate fees and costs incurred in connection therewith as determined by the court in any such action.

9. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendant.

10. This Agreement may be executed in counterparts.

11. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

12. The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: _____   Signature: _____
                                 JOSEPH POLTRACK, Plaintiff

DATE: 7/30/2015       Signature: _____
                                 John Bettencourt
                                 Owner of AJAY TRANSPORTATION, INC.,
                                 Defendant

3